# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Opinion on Remand from the Supreme Court of Tennessee

## STATE OF TENNESSEE v. JAMES EDWARD FARRAR, JR.

### Appeal from the Circuit Court for Bedford County
### No. 16183      Lee Russell, Judge

### No. M2011-00838-CCA-RM-CD - Filed June 30, 2011

JOSEPH M. TIPTON, P.J., concurring and dissenting.

The majority opinion has provided an excellent analysis of the facts and the law in this case, and I agree with the conclusion regarding the lack of evidence of public intoxication. I also believe that the present statute regarding revocation requires a preponderance of the evidence to show that a probation violation has occurred and that a subsequent decision regarding revocation is within the trial court's discretion. See, e.g., State v. Vincent Jordan, No. M2009-02488-CCA-R3-CD, Montgomery County, slip op. at 3 (Tenn. Crim. App. Nov. 10, 2010); State v. Richard Thomas Jones, No. E2009-01241-CCA-R3-CD, Hamilton County, slip op. at 3 (Tenn. Crim. App. Jan. 7, 2010). I respectfully disagree, however, with the result reached regarding "excessive consumption of alcohol." My problem in this case is with the concept of "excessive consumption" and what proves it has occurred.

As the majority opinion states, the videotape essentially refutes the officers' testimony about the defendant's conduct, other than bloodshot eyes and a strong odor of alcohol. It states that excess consumption, though, "may refer to a condition less extreme than outright intoxication." Recognizing the vagueness of such a condition for excess consumption, the majority opinion states that the condition relates to a discernible manifestation of the influence of alcohol on the defendant. I question whether such a standard is helpful to prove excessive consumption circumstantially. For driving under the influence, "influence" refers to the impairment to any extent of a driver's ability to operate a vehicle. See State v. Brooks, 277 S.W.3d 407, 412 (Tenn. Crim. App. 2008). For clarity, I believe the evidence must show some sign of alcohol-induced impairment before a fact finder can conclude circumstantially that excessive consumption has occurred.

The majority opinion believes that excessive drinking "might entail discernible nuances or subtleties of behavior that . . . may be incapable of demonstration" through the videotapes. In this regard, it notes Officer Moore's testimony that the defendant smelled of

alcohol, had bloodshot eyes, and was "borderline" intoxicated, and it concludes that "we cannot say that the officer's close-up, face-to-face encounter with the defendant did not yield perceptions that he struggled with his speech." I cannot agree.

The videotapes refute the officers' testimony. Nothing is shown in any of the defendant's conduct that reflects impairment in any visible fashion. When dealing with circumstantial evidence without any evidence of the amount consumed, I believe the evidence must show some sign of alcohol-induced impairment before a fact finder can conclude that excess consumption has occurred as contemplated by the probation condition. I do not believe that subtleties or nuances not visible on the videotapes would suffice to show by a preponderance of the evidence that the defendant consumed alcohol to excess. I would reverse the revocation.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE